IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROSE STARNES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-711-A |
| | § | |
| J.P. MORGAN CHASE BANK, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Now before the court for consideration is the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed in the above-captioned action by defendant J.P Morgan Chase Bank ("Chase"). Plaintiff, Rose Starnes, filed nothing in response to the motion. Having now considered the motion, plaintiff's original complaint, and applicable legal authorities, the court concludes that the motion to dismiss should be granted.

Additionally, on February 5, 2013, the court ordered plaintiff to provide proof of service of summons and complaint on Chase and defendant Long Beach Mortgage Company. Although plaintiff filed a copy of the summons served on Chase, she has provided no proof of service of process on Long Beach Mortgage

Company. Accordingly, the court finds that plaintiff's claims against Long Beach Mortgage Company should also be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

I.

## Plaintiff's Claims and the Motion to Dismiss

Plaintiff alleged the following in her original complaint: On or about December 1, 2005, plaintiff used her home as security to obtain a loan under Article XVI § 50(a)(6) of the Texas Constitution. In acquiring the loan plaintiff signed a promissory note, promising to pay to Long Beach Mortgage Company the principal balance of $150,641.00 over a thirty-year period.

At some point Long Beach Mortgage Company sold plaintiff's loan to an unknown investor. The loan eventually came into Chase's possession. Plaintiff subsequently encountered financial difficulties, and became delinquent in her loan payments.

On September 21, 2011, Chase notified plaintiff of its intent to initiate foreclosure proceedings against plaintiff's property. On or about October 25, 2011, plaintiff attempted to obtain, "inter alia," copies of the original note and deed of trust "via a qualified written response ("QWR")." Compl. at 3. On November 1, 2011, Chase responded to plaintiff's QWR "in a

2

perfunctory manner, denying or claiming exemption from having to answer or produce various documents involved in the initial Mortgage Note." Id.

On July 24, 2012, counsel for Chase again notified plaintiff of its intent to begin foreclosure proceedings. However, Chase refused to provide the documentation plaintiff requested showing that Chase is entitled to initiate foreclosure proceedings against plaintiff's property. "At issue is blatant disregard for Plaintiff's rights, privileges and immunities as guaranteed by 42 U.S.C. § 1983." Id. at 3.

Count I of the complaint alleged a claim against Chase for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). Count II alleged a claim against "defendants" for violations of the National Banking Act, while Count III asserted a claim against Chase for violation of Regulation X, 24 C.F.R. § 3500, and the "Loss Mitigation Program," 24 C.F.R. § 203.355. Id. at 6.

Chase argues for dismissal on the grounds that plaintiff's allegations are insufficient to state a claim for relief against it.

3

II.

<u>Legal Standards Applicable to Motion to Dismiss</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

4

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. at 678 (citing Twombly, 550 U.S. at 557).

### III.

### Application of Law to the Facts

A.   RESPA Claim

Plaintiff claims that Chase violated section 2605(e) of RESPA by failing to respond to her QWR.[1] Section 2605(e) defines a QWR as:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

---

[1] The complaint alleges that plaintiff submitted a "qualified written response," or QWR. Compl. at 3. However, under RESPA a QWR is a "qualified written request." 12 U.S.C. § 2605(e)(1)(B).

5

12 U.S.C. § 2605(e)(1)(B). Section 2605(e)(1)(A) also requires that the QWR relate "to the servicing of [the] loan." Id. "Servicing" includes "any scheduled periodic payments from a borrower" or the "making of . . . payments of principal and interest. . . ." Id. at § 2605(i)(3).

Absent from plaintiff's complaint are any allegations that plaintiff's QWR complied with any of the statutory requirements, such as that it included a statement of the reasons for plaintiff's belief that the account was in error, or that it provided sufficient detail regarding the information plaintiff sought from Chase, or that the request pertained to servicing of the loan as defined by section 2605(i)(3). There are no allegations of fact in the pleading that the correspondence sent included sufficient information to enable Chase to "identify the name and account of the borrower." Id. at § 2605(e)(1)(B)(i). Nor does the complaint allege that plaintiff suffered any loss or damage as a result of any failure of Chase to respond to the purported QWR as required by § 2605(e)(1)(B).

Here, plaintiff alleged only that the purpose of her QWR was to "obtain, inter alia, copies of the original note and deed of trust." Compl. at 2 (underlining added). That plaintiff was dissatisfied with Chase's response to her request for copies of the original note and deed of trust does not state a violation of

6

section 2605(e) of RESPA.[2]

B.   Section 73 of the National Bank Act

Plaintiff claims that defendants' "Bank Directors," Compl. at 5, engaged in various acts that violated their oath required by the National Bank Act, 12 U.S.C. § 73. Section 73 requires each bank director to take an oath requiring him or her to "diligently and honestly" conduct the affairs of the bank. However, the court's research has uncovered nothing authorizing a private right of action for any purported violation of section 73. Such was also the conclusion of the few cases that have addressed the issue. See, e.g., Saker v. Cmty. First Bank, N.A., 1988 WL 4463 at *2 (6th Cir. Jan. 26, 1988) (per curiam) ("We agree . . . that section 73 of the National Bank Act cannot serve as the basis for a private right of action."); Poindexter v. Wells Fargo Bank, N.A., 2010 WL 3023895 at *3 (W.D.N.C. July 29, 2010) (collecting cases). This claim also must be dismissed.[3]

C.   Regulation X and 24 C.F.R. § 203.355

The complaint alleges that Chase "failed to use reasonable

---

[2] Although the complaint alleges that plaintiff requested copies of the note and deed of trust "inter alia," there is no indication in the complaint as to what, if any, other documents or information plaintiff sought in her QWR.

[3] Under Count II plaintiff also alleges that defendants prohibited her from obtaining a "federal right, privilege or immunity" that was guaranteed to her "under 42 USC [sic] § 1983." Compl. at 5-6. A claim under § 1983 is cognizable for constitutional violations by a person acting under color of state law. Plaintiff has alleged neither a constitutional violation, nor that either defendant was acting under color of state law.

7

diligence as directed by the Federal regulation X" and "violated all procedural requirements of the Loss Mitigation Program as dictated by 24 CFR 203.355." Compl. at 6. Regulation X, 24 C.F.R. § 3500, et. seq., comprises the regulations promulgated to implement RESPA. Regulation X is comprised of twenty-three subsections, plus several appendices. Plaintiff fails to specify which of the subsections Chase purportedly violated, and the minimal factual allegations in the complaint offer no additional insight into this purported cause of action. Similarly, plaintiff fails to identify what "procedural requirements" of 24 C.F.R. § 203.355 Chase allegedly violated. For example, in addition to general information found in paragraph (a) of § 203.355, that section, in subsequent paragraphs, also addresses pre-foreclosure sale procedures, special forebearances under § 203.614, and modifications, refinances, and assumptions under §§ 203.616, 203.43(c), and 203.512, respectively. Nothing in the complaint gives Chase any indication as to what it is supposed to have done that violated § 203.355.

To sum up the foregoing discussion of Counts I, II, and III, nothing in the complaint gives Chase fair notice of plaintiff's claims against it and the grounds on which those claims rest.

D.  Claims Against Long Beach Mortgage Company

The papers on file with the court in this action show that

8

more than 120 days have passed with no record of service of process on defendant Long Beach Mortgage Company, and plaintiff failed to provide proof of such service when given an opportunity by the court to do so. In such circumstances Rule 4(m) of the Federal Rules of Civil Procedure requires the court to dismiss an action against an unserved defendant. Accordingly, plaintiff's claims against Long Beach Mortgage Company are dismissed.

IV.

Order

Therefore,

The court ORDERS that Chase's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff, Rose Starnes, against defendant Chase be, and are hereby, dismissed with prejudice.

The court further ORDERS that all claims and causes of action asserted by plaintiff against defendant Long Beach Mortgage Company be, and are hereby, dismissed without prejudice.

SIGNED March 27, 2013.

_____
JOHN McBRYDE
United States District Judge